IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CHARLES STANTON SULLIVAN, JR., as personal representative for the estate of Ruth S. Sullivan, deceased,<br><br>    Plaintiff,<br><br>v.<br><br>PRATTVILLE HEALTH AND REHABILITATION, LLC, et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  CASE NO. 3:22-cv-702-RAH-JTA<br>)<br>)  (WO)<br>)<br>)<br>)<br>) |

# **ORDER**

Before the court are Plaintiff Charles Stanton Sullivan's Motion to Not Dismiss Case (Doc. No. 24) and Plaintiff's Motion to Allow Summons (Doc. No. 64). For good cause, the court finds that the motions are due to be granted.

## I.     Discussion

A. Motion to Not Dismiss Case (Doc. No. 24)

In Plaintiff's February 28, 2023 Motion to Not Dismiss Case (Doc. No. 24), Plaintiff responds to the court's February 7, 2023 Order to show cause (Doc. No. 6 at 5) why this action should not be dismissed because Plaintiff is proceeding *pro se* on behalf of an estate. In ordering Plaintiff to show cause why his *pro se* status did not warrant dismissal, the court's concern was not, as Plaintiff has suggested, to protect the income of those in the legal profession. Rather, the court sought to ensure

that the interests of third parties are not put at risk or irrevocably bound by representation from one who does not have the training and experience to best protect those interests, and who is not subject to the same disciplinary consequences as would be an attorney for unethical or incompetent representation. *Cf. Williams v. Valeska*, No. 1:11-CV-1067-MEF-CSC, 2012 WL 786952, at *3 (M.D. Ala. Mar. 12, 2012), *report and recommendation adopted*, No. 1:11-CV-1067-MEF, 2012 WL 1656928 (M.D. Ala. May 10, 2012) ("'Parents who are not attorneys may not bring a *pro se* action on their child's behalf—because it helps to ensure that children rightfully entitled to legal relief are not deprived of their day in court by unskilled, if caring, parents.'" (quoting *Devine v. Indian River County Sch. Bd.*, 121 F.3d 576, 582 (11th Cir. 1997), *overruled on other grounds* by *Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007)).

Though Plaintiff, as the estate's representative, presumably has the *capacity* and *standing* to sue on behalf of the estate in this Alabama wrongful death action, his *ability to represent the estate pro se* implicates this court's inherent authority to ensure that advocates appearing before it on behalf of others are qualified members of this court's bar who are bound to comply with the ethical and professional standards thereof, including the responsibility to provide diligent and competent representation. *See Chambers v. NASCO, Inc.,* 501 U.S. 32, 43 (1991) ("[A] federal

court has the power to control admission to its bar and to discipline attorneys who appear before it.").

The court has considered Plaintiff's Motion to Not Dismiss Case (Doc. No. 24), especially the exhibits thereto and his discussion of *McCants v. United States*, 598 F. Supp. 3d 1342, 1346 (N.D. Ala. 2022). Based on that consideration, the court concludes that, under the authority cited in *McCants* and *Iriele v. Griffin*, No. 7:20-CV-00383-LSC, 2021 WL 3400594, at *1 (N.D. Ala. June 28, 2021), Plaintiff has sufficiently established that, in pursuing this case on behalf of the estate, he is pursuing "[his] own case[]," 28 U.S.C.A. § 1654, because he is the estate's sole beneficiary and the estate has no other outstanding creditors. *See McCants*, 598 F. Supp. 3d at 1345 ("While surveying the law of the Circuits, … one notable exception relevant to this case emerges. When a party proceeds on an estate's behalf, and is that estate's only beneficiary, courts allow them to proceed *pro se* despite their legal status as a representative for the interests of another."); *Iriele v. Griffin*, No. 7:20-CV-00383-LSC, 2021 WL 3400594, at *1 (N.D. Ala. June 28, 2021) ("While the Eleventh Circuit hasn't answered this question in a published opinion, a clear majority rule has developed across the other courts of appeals: A *pro se* executor suing on an estate's behalf brings his 'own case' only when (1) he is the estate's sole beneficiary and (2) the estate has no outstanding creditors." (footnote omitted)).

Although, as noted in the February 7, 2023 show cause Order, at present "[i]t is not clear whether the Eleventh Circuit would adopt the rule noted in *Iriele* and *McCants* or some other rule, and *Iriele* is currently on appeal" (Doc. No. 27 at 3), the court finds that Plaintiff's showing is sufficient that the court does not at this time need to invoke its inherent powers of dismissal to ensure that the decedent's estate is represented by a licensed attorney who has been admitted to practice before this court. This finding is without prejudice to any party to raise the issue at an appropriate time, particularly in the event that the Eleventh Circuit issues an opinion in *Iriele*, or in the event that any party wishes to bring other controlling authority to the court's attention concerning the issue.

Accordingly, Plaintiff's Motion to Not Dismiss Case (Doc. No. 24) is due to be granted insofar as the court will not at this time *sua sponte* recommend dismissal on grounds that Plaintiff is proceeding *pro se* on behalf of his deceased mother's estate.

B. Plaintiff's Motion to Allow Summons (Doc. No. 64)

In the February 7, 2023 Order, the court required Plaintiff to "[show cause] in writing why he has not yet provided a summons for each Defendant to the Clerk for service." (Doc. No. 6 at 5.) In doing so, the court was exercising its inherent authority to manage its docket to secure the efficient administration of justice. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (recognizing the court's "inherent power"

4

to " 'manage their own affairs so as to achieve the orderly and expeditious disposition of cases' " (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630–631 (1962))).

As the court has noted on several occasions after entering the February 7, 2023 Order, Plaintiff has shown diligence in providing the Clerk with the materials needed for service. (Doc. No. 27 at 2-3; Doc. No. 37 at 3.) Further, it appears that, despite the vicissitudes Plaintiff has recently faced, all Defendants were served by March 15, 2023, the last day of the ninety-day time period allowed by Rule 4(m) of the Federal Rules of Civil Procedure. All Defendants have appeared in the case. Even if service was not timely, Plaintiff has shown good cause for the timing of service, and, therefore, under Rule 4(m), any delay in service shall be excused. Fed. R. Civ. P. 4(m) ("[I]f the plaintiff shows good cause for the failure" to serve the complaint within ninety days of filing it, "the court must extend the time for service for an appropriate period.").

Accordingly, Plaintiff's Motion to Allow Summons (Doc. No. 64) is due to be granted to the extent that the case shall not be dismissed for failure to serve existing Defendants. However, absent another amended complaint being allowed in accordance with Rule 15(a)(2) of the Federal Rules of Civil Procedure, Plaintiff shall not be allowed to serve additional defendants not named in the Amended Complaint (Doc. No. 4).

II.  Conclusion

For the reasons stated above, it is ORDERED as follows:

1. Plaintiff's Motion to Not Dismiss Case (Doc. No. 24) is GRANTED.

2. Plaintiff's Motion to Allow Summons (Doc. No. 64) is GRANTED.

DONE this 6th day of April, 2023.

*/s/ Jerusha T. Adams*
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE