IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CHARLES STANTON SULLIVAN, JR., as personal representative for the estate of Ruth S. Sullivan, deceased,<br><br>　　　　Plaintiff,<br><br>v.<br><br>PRATTVILLE HEALTH AND REHABILITATION, LLC, et al.,<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)　CASE NO. 3:22-cv-702-RAH-JTA<br>)　(WO)<br>)<br>)<br>)<br>)<br>) |

# **ORDER**

Before the court is *pro se* Plaintiff Charles Stanton Sullivan, Jr.'s Motion to Add Parties at a Later Date. (Doc. No. 90.)

In his motion, Plaintiff seeks permission to amend his Complaint "at an appropriate time after he finishes his spreadsheet of reasons to dismiss." (Doc. No. 90 at 2.) Plaintiff seeks to add claims against new defendants "later so as not to have to redo [the] entire Complaint." (*Id*. at 1.) Plaintiff seeks to add claims against a Alabama Department of Human Resources ("DHR") staff attorney, two DHR personnel "who testified that [Plaintiff's] Mother was not competent," and a nurse "who most likely turned [Plaintiff] in to DHR for failing to have someone staring at [Plaintiff's] Mother 24/7 as anyone knows no nursing home does." (*Id*. at 1-2.) He does not know the name of the nurse. (*Id*. at 2.) He does not state the names of the DHR personnel and staff attorney, nor does he indicate

whether he knows their names. He does not provide a proposed amended complaint[1] or set forth in sufficient detail what claims he intends to assert against these individuals or what additional facts he would plead to support those claims. *See Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999) ("A motion for leave to amend should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment.").

The motion to amend is premature. No scheduling order has yet been entered limiting the time in which Plaintiff may amend. Plaintiff does not intend to amend at this time, nor is he ready to file an amended complaint. Also, without sufficient specific information about the additional factual allegations and claims Plaintiff intends to assert in his amendment, the court and the parties cannot assess the merits of Plaintiff's motion to amend. Thence, the motion is due to be denied. *See Arch Ins. Co. v. Clements, Purvis & Stewart, P.C.*, 434 F. App'x 826, 828 (11th Cir. 2011) (affirming denial of a "motion for leave to amend the complaint in the future if the court found the complaint deficient when ruling on the motion to dismiss" and noting that (1) the motion was premature because the relief sought was contingent on the court finding the original complaint deficient at some point in the future; (2) the movant "did not indicate what would be changed in the complaint;" (3) the movant did not attach an amended complaint; and (4) in denying the

---

[1] Plaintiff's motion does not comply with Local Rule 15.1, which provides:

> A party who moves to amend a pleading, document or other papers shall attach the original of the amendment to the motion. Any amendment to a pleading, document or other papers, whether filed as a matter of course or upon a motion to amend, must, except by leave of Court, reproduce the entire pleading, document or other papers as amended, and may not incorporate any prior pleading, document or other papers by reference. A failure to comply with this rule is not grounds for denial of the motion.

motion to amend, the trial court had stated that, if the movant so desired, the movant could request leave to amend in the future after the court ruled on the motion to dismiss); *Hatcher v. G-P Wood & Fiber Supply, LLC*, No. 3:07-CV-080-JTC, 2008 WL 11343393, at *1 (N.D. Ga. Feb. 6, 2008) ("If Plaintiff wishes to amend his complaint a fourth time, Plaintiff must file a new motion to amend with a proposed complaint attached to the motion. The Court will not grant Plaintiff leave to amend his complaint sometime in the future with no knowledge of the contents of the proposed amended complaint.").

Accordingly, it is

ORDERED that Plaintiff's Motion to Add Parties at a Later Date (Doc. No. 90) is DENIED.

Plaintiff is ADVISED that this Order does not preclude Plaintiff from filing a timely, supported motion to amend in the future.

DONE this 14th day of April, 2023.

_Jerusha J. Adams_
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE