IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CHARLES STANTON SULLIVAN, JR., as personal representative for the estate of Ruth S. Sullivan, deceased, <br><br> Plaintiff, <br><br> v. <br><br> PRATTVILLE HEALTH AND REHABILITATION, LLC, et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) CASE NO. 3:22-cv-702-RAH-JTA ) (WO) ) ) ) ) ) ) |

## **ORDER**

Before the court is *pro se* Plaintiff Charles Stanton Sullivan, Jr.'s Motion to Continue. (Doc. No. 114). The motion is due to be DENIED.

On May 24, 2023, the court entered an Order on a previous Motion to Continue, explaining that Plaintiff's reasons for his requested continuance – reasons similar to those raised in the instant Motion to Continue – did not constitute sufficient grounds for an extension in light of a previous generous extension already granted and the requirements of Rule 6(b) of the Federal Rules of Civil Procedure. (Doc. No. 108.) The court noted that "[t]he case will not move forward if Plaintiff's ongoing trials and tribulations cause months of delay at every turn because Plaintiff does not have time to work on his briefs and participate in the litigation amid the

many vicissitudes of life." (*Id*. at 108.) The court further explained that "[i]t is the court's duty to achieve the orderly and expeditious disposition of cases, and it is Plaintiff's duty to figure out how to make time for this lawsuit if he wishes to pursue it." (*Id*.) Though Plaintiff did not show sufficient justification for an extension pursuant to Rule 6 of the Federal Rules of Civil Procedure, the court nevertheless granted him an additional[1] two-and-one-half week extension of time to submit his missing briefs because "the court would prefer to enter a recommendation on the motions to dismiss, if possible, after hearing Plaintiff's arguments in opposition to them, and after Defendants have had an opportunity to reply to Plaintiff's arguments." (*Id*.) The court emphasized, however, that "**NO FURTHER EXTENSIONS WILL BE ALLOWED**." (*Id*. at 1 (emphasis in original).)

Now before the court is another Motion to Continue filed by Plaintiff, seeking another extension of time to file response briefs for reasons similar to those offered in support of previous motions for extension of time (weather, property management concerns, car problems, health issues, etc.). Plaintiff does not specify the desired length of time for the requested extension, but rather requests "sufficient time," which is what the court has already provided. Though Plaintiff did not date his motion, the envelope in which it was conveyed to the court bears a postmark of May

---

[1] In total, Plaintiff has been allowed a total response time of approximately 12-14 weeks to respond to the pending motions to dismiss. The latest two-and-one-half week extension is longer than what Plaintiff appeared to be requesting.

2

25, 2023 (Doc. No. 114 at 8), indicating that Plaintiff's motion and the Court's May 24, 2023 Order must have passed in the mail, and that the court has already provided the requested extension. Therefore, the court concludes that the motion is moot. If the motion is not moot, and Plaintiff is seeking yet another extension in addition those already provided, then, for the same reasons set forth in the May 24, 2023 Order (Doc. No. 108), Plaintiff's Motion to Continue (Doc. No. 114) fails to meet the requirements of Rule 6(b). Therefore, if the motion is not moot, it is due to be denied on its merits.

Accordingly, it is ORDERED that Plaintiff's Motion to Continue (Doc. No. 114) is DENIED.

DONE this 5th day of June, 2023.

/s/ Jerusha J. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE