IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES STANTON SULLIVAN, JR., as personal representative for the estate of Ruth S. Sullivan, deceased, | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NO. 3:22-cv-702-RAH-JTA (WO) |
| PRATTVILLE HEALTH AND REHABILITATION, LLC, et al., | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court are the following dispositive motions: the Motion to Dismiss filed by Parkwood Health Care Facility, LLC, and Prattville Health and Rehabilitation, LLC, for failure to state a claim upon which relief can be granted (Doc. No. 28); the Motion to Dismiss filed by Parkwood Health Care Facility, LLC, and Prattville Health and Rehabilitation, LLC, for lack of jurisdiction (Doc. No. 28);[1] the Motion to Dismiss for Failure to State a Claim filed by Defendant Amedisys Home Health of Alabama, LLC (Doc. No. 30); the Motion to Dismiss for Lack of Jurisdiction filed by Defendant Amedisys Home Health of Alabama, LLC (Doc. No. 30);[2] the Motion to Dismiss for Failure to State

[1] The court CONSTRUES the Motion to Dismiss filed by Parkwood Health Care Facility, LLC, and Prattville Health and Rehabilitation, LLC (Doc. No. 28) as containing a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, as the motion includes a request to dismiss claims asserted in Sullivan's individual capacity for lack of standing.

[2] The court CONSTRUES the Motion to Dismiss filed by Defendant Amedisys Home Health of Alabama, LLC (Doc. No. 30) as containing a Rule 12(b)(1) motion to dismiss for lack of subject

a Claim filed by Defendants EAMC-Lanier, East Alabama Health Care Authority d/b/a East Alabama Medical Center, and East Alabama Medical Center (Doc. No. 31); the Motion to Dismiss for Lack of Jurisdiction filed by Defendants EAMC-Lanier, East Alabama Health Care Authority d/b/a East Alabama Medical Center, and East Alabama Medical Center (Doc. No. 31);[3] the Motion to Dismiss for Failure to State a Claim filed by Defendant Blue Cross and Blue Shield of Alabama (Doc. No. 33); the Motion to Dismiss for Failure to State a Claim Upon which Relief can be Granted filed by Defendant Keith Fuller (Doc. No. 35); the Motion to Dismiss for Lack of Subject Matter Jurisdiction filed by Defendant Keith Fuller (Doc. No. 35);[4] the Motion to Dismiss for Failure to State a Claim Upon which Relief can be Granted filed by Defendant Mitchell Gavin (Doc. No. 39); the Motion to Dismiss for Lack of Subject Matter Jurisdiction filed by Defendant Mitchell Gavin (Doc. No. 39);[5] the Motion to Dismiss for Failure to State a Claim Upon

---

matter jurisdiction. In addition to moving for dismissal for failure to state a claim pursuant to Rule 12(b)(6), Defendant Amedisys argues that the Amended Complaint should be "dismissed for lack of jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure." (Doc. No. 30 at 1.)

[3] The court CONSTRUES the Motion to Dismiss filed by EAMC-Lanier, East Alabama Health Care Authority d/b/a East Alabama Medical Center, and East Alabama Medical Center (Doc. No. 31) as containing a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. In addition to moving for dismissal for failure to state a claim pursuant to Rule 12(b)(6), Defendants argue that the Amended Complaint should be dismissed for lack of jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. (Doc. No. 31 at 2.)

[4] The court CONSTRUES the Motion to Dismiss filed by Defendant Keith Fuller (Doc. No. 35) as containing a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. In addition to moving for dismissal for failure to state a claim pursuant to Rule 12(b)(6), Defendant Fuller argues that the Amended Complaint should be dismissed for lack of jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. (Doc. No. 35 at 2.)

[5] The court CONSTRUES the Motion to Dismiss filed by Defendant Mitchell Gavin (Doc. No. 39) as containing a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. In addition to moving for dismissal for failure to state a claim pursuant to Rule 12(b)(6), Defendant

which Relief can be Granted filed by Defendant Charles Hall (Doc. No. 40); the Motion to Dismiss for Lack of Subject Matter Jurisdiction filed by Defendant Charles Hall (Doc. No. 40);[6] the Motion to Dismiss for Failure to State a Claim Upon which Relief can be Granted filed by Defendant Maximus Federal Services, Inc. ("Maximus") (Doc. No. 53); the Motion to Dismiss for Lack of Subject Matter Jurisdiction filed by Defendant Maximus (Doc. No. 53); the Motion to Dismiss Plaintiff's First Amended Complaint for Failure to State a Claim Upon Which Relief Can Be Granted filed by Defendant The Board of Trustees of The University of Alabama ("UAB Board"), incorrectly named in the Amended Complaint as "UAB Highlands," "the University of Alabama System," and "UAB Health Systems" (Doc. No. 57); the Motion to Dismiss for Lack of Subject Matter Jurisdiction filed by Defendant UAB Board (Doc. No. 57);[7] the Motion to Dismiss for Failure to State a Claim Upon which Relief can be Granted filed by Defendant Gregory Shields, M.D. (Doc. No. 60); the Motion to Dismiss for Lack of Subject Matter Jurisdiction filed by Defendant Shields (Doc. No. 60);[8] the Motion to Dismiss for Failure to State a Claim Upon

---

Gavin argues that the Amended Complaint should be dismissed for lack of jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. (Doc. No. 39 at 3.)

[6] The court CONSTRUES the Motion to Dismiss filed by Defendant Charles Hall (Doc. No. 40) as containing a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. In addition to moving for dismissal for failure to state a claim pursuant to Rule 12(b)(6), Defendant Hall argues that the Amended Complaint should be dismissed for lack of jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. (Doc. No. 40 at 3-4.)

[7] The court CONSTRUES the Motion to Dismiss filed by Defendant UAB Board (Doc. No. 57) as containing a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. In addition to moving for dismissal for failure to state a claim pursuant to Rule 12(b)(6), Defendant UAB Board argues that the Amended Complaint should be dismissed for lack of jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. (Doc. No. 57 at 1.)

[8] The court CONSTRUES the Motion to Dismiss filed by Defendant Shields (Doc. No. 60) as containing a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. In addition to

which Relief can be Granted filed by Defendant Probate Judge Talmadge East (Doc. No. 78); the Motion to Dismiss for Lack of Subject Matter Jurisdiction filed by Defendant East (Doc. No. 78);[9] the Motion to Dismiss for Failure to State a Claim Upon which Relief can be Granted filed by the Defendants incorrectly identified in the Amended Complaint as "Russell Medical, a subsidiary of Medical Park Healthcare Center, Inc." and "Russell Medical being managed by UAB Health Systems" ("the Russell Medical Defendants") (Doc. No. 83); the Motion to Dismiss for Lack of Subject Matter Jurisdiction filed by the Russell Medical Defendants (Doc. No. 83);[10] the Motion to Dismiss for Failure to State a Claim Upon which Relief can be Granted filed by Defendant United States Department of Health and Human Services ("HHS"), incorrectly named in the Amended Complaint as Defendant "Medicare" (Doc. No. 97); the Motion to Dismiss for Lack of Subject Matter Jurisdiction filed by Defendant HHS (Doc. No. 97);[11] and *pro se* Plaintiff Charles Stanton

---

moving for dismissal for failure to state a claim pursuant to Rule 12(b)(6), Defendant Shields argues that the Amended Complaint should be dismissed for lack of jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. (Doc. No. 60 at 4.)

[9] The court CONSTRUES the Motion to Dismiss filed by Defendant East (Doc. No. 78) as containing a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. In addition to moving for dismissal for failure to state a claim pursuant to Rule 12(b)(6), Defendant East argues that the Amended Complaint should be dismissed for lack of jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. (Doc. No. 78 at 1.)

[10] The court CONSTRUES the Motion to Dismiss filed by the Russell Medical Defendants (Doc. No. 83) as containing a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. In addition to moving for dismissal for failure to state a claim pursuant to Rule 12(b)(6), the Russell Medical Defendants argue that the Amended Complaint should be dismissed for lack of jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. (Doc. No. 83 at 2-3.)

[11] The court CONSTRUES the Motion to Dismiss filed by Defendant HHS (Doc. No. 97) as containing a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. In addition to moving for dismissal for failure to state a claim pursuant to Rule 12(b)(6), Defendant HHS argues that the Amended Complaint should be dismissed for lack of jurisdiction pursuant to Rule 12(b)(1)

Sullivan, Jr.'s Motion to Deny Motion to Dismiss (Doc. No. 106). For the reasons stated below, it is the RECOMMENDATION OF THE MAGISTRATE JUDGE that all the pending dispositive motions listed above be DENIED AS MOOT.

## I. JURISDICTION

This court has subject matter jurisdiction over this action based on federal question jurisdiction, as Sullivan's causes of action arise under the Constitution and laws of the United States. 28 U.S.C. § 1331. This action has been referred to the undersigned pursuant to 28 U.S.C. § 636 "for further proceedings and determination or recommendation as may be appropriate." (Doc. No. 5.)

## II. PROCEDURAL HISTORY

On December 15, 2022, Sullivan filed a *pro se* Complaint against numerous Defendants arising out of the hospitalization, medical treatment, and death of his late mother, attorney Ruth S. Sullivan.[12] (Doc. No. 1.)

On January 17, 2023, Sullivan filed an Amended Complaint, purporting to proceed "individually" on his own behalf and as "personal representative of [Ruth S. Sullivan's] Estate." (Doc. No. 4 at 1.) Sullivan named seventeen Defendants, ranging from health insurance companies to hospitals and nursing care facilities to individual doctors to a probate judge. (*Id.*) From his Amended Complaint, it is not clear which Defendants he seeks to proceed against as to which cause of action, but he asserts four causes of action:

---

of the Federal Rules of Civil Procedure. (Doc. No. 97 at 1.)

[12] Plaintiff paid the filing fee; thus, the provisions of 28 U.S.C. § 1915(e)(2)(B) are inapplicable.

(1) a cause of action arising under 42 U.S.C. § 1983 for deprivation of Fourth, Fifth, and Fourteenth Amendment rights in the course of Ruth S. Sullivan's medical care and in the course of proceedings to involuntarily commit Ruth S. Sullivan to nursing home care; (2) a claim that "Defendants have violated the Sherman Act" by "price fixing" and "by knowingly and willingly conspiring to deprive Plaintiff of his right to care for [Ruth S. Sullivan] and by colluding together to prevent his representation of his deceased Mother's cause;" (3) a cause of action arising under 42 U.S.C. § 1983 for deprivation of First, Eighth, and Tenth Amendment rights in the course of [Ruth S. Sullivan]'s medical care and in the course of proceedings to involuntarily commit Ruth S. Sullivan to nursing home care; (4) a cause of action alleging unfair trade practices pursuant to 15 U.S.C. § 45 on grounds that, as a nonlawyer, he faces hurdles to representing Ruth S. Sullivan's estate; and (5) violations of Ruth S. Sullivan's rights as a nursing care patient pursuant to 42 CFR § 483.10, .20, .21, .24, .25, .30, .35, and .73.

On February 7, 2023, Sullivan moved to amend his complaint to add some photographs and to add some additional factual allegations. (Doc. No. 7.) That motion was subsequently denied for a number of reasons, including because the additional factual allegations amounted to an impermissible shotgun pleading and because allowing the proposed amendment would unnecessarily delay consideration of the merits of numerous pending motions to dismiss. (Doc. No. 132.)

On February 27, 2023, the court ordered Sullivan to show cause "why this case should not be dismissed on grounds that he has appeared *pro se* on behalf of the decedent's estate." (Doc. No. 6 at 5.) In that Order, the court explained to Sullivan that, generally, a

plaintiff may not proceed *pro se* on behalf of another individual or entity. (*Id*. at 2-5.) The court noted that, under rules discussed in *McCants v. United States*, 598 F. Supp. 3d 1342, 1346 (N.D. Ala. 2022), and *Iriele v. Griffin*, No. 7:20-cv-00383-LSC, 2021 WL 3400594, at *1 (N.D. Ala. June 28, 2021),[13] a *pro se* plaintiff may sometimes represent an estate if the plaintiff is the sole beneficiary of the estate and the estate has no outstanding creditors. (*Id.* at 3.) In any event, the Amended Complaint did not include allegations that indicated Sullivan could meet even the standard set out in *McCants* and *Iriele*, or that he had some other basis upon which to proceed *pro se*. (*Id*.)

In Sullivan's response to the February 27, 2023 show cause order (Doc. No. 24), he filed an affidavit stating that he was the sole beneficiary of the estate and that the estate had no outstanding creditors. (*Id*.) On March 3, 2023, the court entered an Order finding "that Plaintiff's showing is sufficient that the court does not at this time need to invoke its inherent powers to ensure that the decedent's estate is represented by a licensed attorney who has been admitted to practice before this court." (Doc. No. 37 at 4.) That finding was without prejudice to any party to bring up the issue "at an appropriate time, particularly in the event that the Eleventh Circuit issues an opinion in *Iriele*, or in the event that any party wishes to bring other controlling authority to the court's attention concerning the issue."[14] (*Id*.)

---

[13] At that time, the court observed that "[i]t is not clear whether the Eleventh Circuit would adopt the rule noted in *Iriele* and *McCants* or some other rule, and *Iriele* is currently on appeal." (*Id*.) Subsequently, the Eleventh Circuit issued its opinion in *Iriele v. Griffin*, 65 F.4th 1280, 1284–85 (11th Cir. 2023), which is consistent with the rule that a *pro se* plaintiff may represent an estate if that *pro se* plaintiff is the sole beneficiary and the estate has no outstanding creditors.

[14] On April 17, 2023, the Eleventh Circuit issued its opinion in *Iriele*, 65 F.4th at 1284–85,

Defendants have filed motions to dismiss. (Docs. No. 28, 30, 31, 33, 35, 39, 40, 53, 57, 60, 78, 83, 97.) Sullivan has filed responses to the motions to dismiss, all of which are fully briefed, under submission, and ready for disposition. In addition, Sullivan filed a Motion to Deny one of the pending motions to dismiss (Doc. No. 106), which is also ready for disposition.

## III. ANALYSIS

By separate Order, the court granted Sullivan's two Motions to Amend and ordered Sullivan to file a Second Amended Complaint that is not a shotgun pleading and that complies with the court's instructions, the Federal Rules of Civil Procedure, and the Local Rules of this court. (Doc. No. 137.) The reasons for granting Sullivan one additional opportunity to amend are fully set forth in that Order and will not be repeated here.

Further, in accordance with the court's duty to efficiently manage its docket, the court ordered Defendants not to answer or otherwise respond to the Second Amended Complaint until specifically ordered to do so by the court. This was to allow the court an opportunity to efficiently manage its docket[15] by first ensuring that the Second Amended

---

"hold[ing] that, under the terms of 28 U.S.C. § 1654, an executor may not represent an estate *pro se* where there are additional beneficiaries, other than the executor, and/or where the estate has outstanding creditors." The Eleventh Circuit "further h[eld] that when a *pro se* plaintiff improperly seeks to represent an estate with additional beneficiaries and/or creditors, the district court may not simply dismiss the case without providing the plaintiff an opportunity to cure the deficiency." *Id.* at 1285. The Eleventh Circuit reversed the district court on grounds that it had not provided an opportunity to cure the deficiency. The holding in *Iriele* is consistent with this court's March 23, 2023 Order.

[15] Given the shotgun nature of Sullivan's previous pleadings in this case and his proclivity to name numerous Defendants and include many factual allegations in his pleadings, the court found that it was obliged to *sua sponte* exercise its inherent duty and responsibility to manage its docket, ensure that the issues subject to litigation are clearly delineated, prevent extended and aimless discovery, protect the record from accumulating cumbersome and unnecessary mass, and


Complaint is not a shotgun pleading, complies with the instructions in the court's order and the minimum pleading requirements of the Federal Rules of Civil Procedure, reasonably places Defendants and the court on notice of Sullivan's claims and the facts on which those claims rest, and asserts claims over which the court has subject matter jurisdiction. The court warned Sullivan that failure to comply with the instructions to file a Second Amended Complaint may result in dismissal of this action for failure to comply with court orders and the Federal Rules of Civil Procedure.

Although Sullivan has not yet filed the Second Amended Complaint, he has been ordered to do so, and he will either file one or face dismissal of this action. In any event, the court has already ordered that this case will not proceed on the Amended Complaint, which the court previously determined to be an impermissible shotgun pleading. Therefore, the pending motions to dismiss the Amended Complaint (Docs. No. 28, 30, 31, 33, 35, 39,

---

efficiently allocate judicial resources. *See Magluta v. Samples*, 256 F.3d 1282, 1285 (11th Cir. 2001) (directing the district court on remand to strike the shotgun complaint "and require a repleading of all claims in a complaint that respects the requirements" of the Federal Rules of Civil Procedure); *Johnson Enterprises of Jacksonville, Inc. v. FPL Grp., Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998) (emphasizing the court's "power and duty" to intervene *sua sponte* in cases of shotgun pleading to narrow the issues and "prevent the case from proceeding beyond the pleadings until the issues are reasonably well defined"); *Reese v. Weidplas N. Am., LLC*, No. 3:18-cv-793-WKW-SRW, 2019 WL 13299344, at *3 (M.D. Ala. 2019) ("The district courts have the inherent authority to require plaintiffs to define the scope of their claims and, indeed, it is the courts' duty to do so at the earliest practicable stages of litigation."); *Hatfield v. Cadence Bank*, No. 3:23-cv-202-RAH-JTA, September 8, 2023 Order (Doc. No. 24 at 3-4) (collecting cases and explaining the court's inherent power and duty to ensure that the pleadings are not "so deficient as to risk significantly inhibiting joinder of the issues, trial, and effective case management," even where the complaint is not subject to review under 28 U.S.C. § 1915(e)(2)(B)); *see also Anderson*, 77 F.3d at 367 n.5 (noting that, where defendants opted not to move for a more definite statement, "on examining [the] pleadings, the court, acting *sua sponte*, should have struck the plaintiff's complaint, and the defendants' answer, and instructed plaintiff's counsel to file a more definite statement" because the complaint so failed to comply with the rules of pleading that it prevented effective joinder and disposition of the relevant issues in the case).

40, 53, 57, 60, 78, 83, 97), and Sullivan's motion to deny one of those motions to dismiss (Doc. No. 106), are directed at the merits of an inoperative pleading and are themselves due to be dismissed as moot.[16] *See Decker v. Jones*, No. 2:19-cv-759-WKW-JTA, 2022 WL 18715945, at *4 (M.D. Ala. Dec. 6, 2022), *report and recommendation adopted sub nom. Decker v. Alabama Dep't of Corr.*, No. 2:19-cv-759-WKW, 2023 WL 1997707 (M.D. Ala. Feb. 14, 2023) ("[T]he Eleventh Circuit has recognized the general rule of amendment, which mandates an amended complaint supersedes and replaces an original complaint unless the amendment specifically refers to or adopts the earlier pleading, applies to pleadings filed by *pro se* parties." (citing *Schreane v. Middlebrooks*, 522 F. App'x 845, 847 (11th Cir. 2013) (citing in turn *Pintando v. Miami-Dade Hous. Agency*, 501 F. 3d 1241, 1243 (11th Cir. 2007)))); *Geathers v. Bank of Am., N.A.*, No. 1:14-CV-00850, 2015 WL 348852, at *1 (N.D. Ga. Jan. 26, 2015) (adopting the recommendation of the magistrate judge to dismiss as moot a dispositive motion directed at a complaint that had been superseded by amendment).

## IV.   CONCLUSION

Accordingly, for the reasons stated above and for good cause, it is the RECOMMENDATION OF THE MAGISTRATE JUDGE that the following dispositive

---

[16] Dismissing the pending dispositive motions as moot does not preclude any party from raising the arguments therein, if appropriate, in addressing the merits of the Second Amended Complaint. However, Defendants' obligation to answer or otherwise respond to the Second Amended Complaint has been suspended pending further orders of the court. Any prematurely filed answers, motions to dismiss, or other responses to the Second Amended Complaint may be stricken as filed in violation of the court's orders and pursuant to the court's case management authority.

motions be DENIED AS MOOT, without prejudice to any party to raise the arguments therein, if appropriate, in addressing the merits of the Second Amended Complaint:[17]

1. the Motion to Dismiss filed by Parkwood Health Care Facility, LLC, and Prattville Health and Rehabilitation, LLC, for failure to state a claim upon which relief can be granted (Doc. No. 28);

2. the Motion to Dismiss filed by Parkwood Health Care Facility, LLC, and Prattville Health and Rehabilitation, LLC, for lack of jurisdiction (Doc. No. 28);

3. the Motion to Dismiss for Failure to State a Claim filed by Defendant Amedisys Home Health of Alabama, LLC (Doc. No. 30);

4. the Motion to Dismiss for Lack of Jurisdiction filed by Defendant Amedisys Home Health of Alabama, LLC (Doc. No. 30);

5. the Motion to Dismiss for Failure to State a Claim filed by Defendants EAMC-Lanier, East Alabama Health Care Authority d/b/a East Alabama Medical Center, and East Alabama Medical Center (Doc. No. 31);

6. the Motion to Dismiss for Lack of Jurisdiction filed by Defendants EAMC-Lanier, East Alabama Health Care Authority d/b/a East Alabama Medical Center, and East Alabama Medical Center (Doc. No. 31);

7. the Motion to Dismiss for Failure to State a Claim filed by Defendant Blue Cross and Blue Shield of Alabama (Doc. No. 33);

---

[17] **Defendants are INSTRUCTED that they are not to answer or otherwise respond to the Second Amended Complaint until specifically ordered to do so**.

8. the Motion to Dismiss for Failure to State a Claim Upon which Relief can be Granted filed by Defendant Keith Fuller (Doc. No. 35);

9. the Motion to Dismiss for Lack of Subject Matter Jurisdiction filed by Defendant Keith Fuller (Doc. No. 35);

10. the Motion to Dismiss for Failure to State a Claim Upon which Relief can be Granted filed by Defendant Mitchell Gavin (Doc. No. 39);

11. the Motion to Dismiss for Lack of Subject Matter Jurisdiction filed by Defendant Mitchell Gavin (Doc. No. 39);

12. the Motion to Dismiss for Failure to State a Claim Upon which Relief can be Granted filed by Defendant Charles Hall (Doc. No. 40);

13. the Motion to Dismiss for Lack of Subject Matter Jurisdiction filed by Defendant Charles Hall (Doc. No. 40);

14. the Motion to Dismiss for Failure to State a Claim Upon which Relief can be Granted filed by Defendant Maximus (Doc. No. 53);

15. the Motion to Dismiss for Lack of Subject Matter Jurisdiction filed by Defendant Maximus (Doc. No. 53);

16. the Motion to Dismiss Plaintiff's First Amended Complaint for Failure to State a Claim Upon Which Relief Can Be Granted filed by Defendant UAB Board (Doc. No. 57);

17. the Motion to Dismiss for Lack of Subject Matter Jurisdiction filed by Defendant UAB Board (Doc. No. 57);

18. the Motion to Dismiss for Failure to State a Claim Upon which Relief can be Granted filed by Defendant Gregory Shields, M.D. (Doc. No. 60);

19. the Motion to Dismiss for Lack of Subject Matter Jurisdiction filed by Defendant Shields (Doc. No. 60);

20. the Motion to Dismiss for Failure to State a Claim Upon which Relief can be Granted filed by Defendant Probate Judge Talmadge East (Doc. No. 78);

21. the Motion to Dismiss for Lack of Subject Matter Jurisdiction filed by Defendant Probate Judge Talmadge East (Doc. No. 78);

22. the Motion to Dismiss for Failure to State a Claim Upon which Relief can be Granted filed the Russell Medical Defendants (Doc. No. 83);

23. the Motion to Dismiss for Lack of Subject Matter Jurisdiction filed by the Russell Medical Defendants (Doc. No. 83);

24. the Motion to Dismiss for Failure to State a Claim Upon which Relief can be Granted filed by Defendant HHS (Doc. No. 97);

25. the Motion to Dismiss for Lack of Subject Matter Jurisdiction filed by Defendant HHS (Doc. No. 97); and

26. Plaintiff Sullivan's Motion to Deny Motion to Dismiss (Doc. No. 106).

Further, it is ORDERED that the parties shall file any objections to this Recommendation on or before **March 1, 2024**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Plaintiff

is advised that this Recommendation is not a final order of the Court; therefore, it is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 16th day of February, 2024.

JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE