IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CHARLES STANTON SULLIVAN, JR., as personal representative for the estate of Ruth S. Sullivan, deceased,<br><br>Plaintiff,<br><br>v.<br><br>PRATTVILLE HEALTH AND REHABILITATION, LLC, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)  CASE NO. 3:22-CV-702-RAH<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **ORDER**

On February 16, 2024, the Magistrate Judge recommended that several dispositive motions (Docs. 28, 30, 31, 33, 35, 39, 40, 53, 57, 60, 78, 83, 97, 106) be denied, without prejudice to any party to raise the arguments therein, if appropriate, in addressing the merits of the Second Amended Complaint. The Defendants filed Objections (Docs. 141, 142, 143, 144, 145, 146, 147, 148, and 149) to the Report and Recommendation (Doc. 138).

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo.* 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with

instructions." Fed.R.Civ.P. 72(b)(3). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990). *See also United States v. Gopie,* 347 F. App'x 495, 499 n.1 (11th Cir. 2009). However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific in order to warrant *de novo* review. *See Macort v. Prem, Inc.,* 208 F. App'x 781, 783-85 (11th Cir. 2006). Otherwise, a Report and Recommendation is reviewed for clear error. *Id.*

In a motion filed on April 12, 2023, Sullivan acknowledged that he has a brother.  (Doc. 91 at 1.)  The Defendants, therefore, object to a finding by the Magistrate Judge that Plaintiff Charles Stanton Sullivan, Jr., ("Sullivan") is the sole beneficiary of the Estate and seek to reserve the right to challenge whether he may prosecute an action for wrongful death without counsel.  This Court recognizes that the Alabama Wrongful Death Statute provides that damages recovered must be distributed according to the Statute of Distributions. Ala. Code § 6-5-410(c).  Thus, any proceeds from a wrongful-death action are for the benefit of statutory beneficiaries, *Kirksey v. Johnson*, 166 So. 3d 633, 645 (Ala. 2014), including a brother, and are not part a decedent's Estate.

Although the Defendants object to a finding that Sullivan is the sole beneficiary, the Magistrate Judge did not make this specific finding in her

Recommendation. Rather, the Magistrate Judge summarized the caselaw regarding when a pro se plaintiff may sometimes represent an estate if he is the sole beneficiary and reminded Defendants that, although in a March 3, 2023, Order (Doc. 37 at 4), she previously found that the Court did not *at that time* need to invoke its inherent powers to ensure the decedent's estate is represented by a licensed attorney, the "finding was without prejudice to any party to bring up the issue 'at an appropriate time, particularly in the event that the Eleventh Circuit issues an opinion in *Iriele*, or in the event that any party wishes to bring other controlling authority to the court's attention concerning the issue.'" (Doc. 138 at 7.) In the Recommendation, she also noted that, since the issuance of her March 3, 2023 Order, the Eleventh Circuit had issued its opinion in *Iriele* [*v. Griffin*, 65 F.4th 1280 (11th Cir. 2023)].[1] The Magistrate Judge's summary of the caselaw and the docket history does not amount to a finding that Sullivan is the sole beneficiary.

Given the Court's decision to grant Sullivan one additional opportunity to amend, the Defendants may present their arguments related to this issue in a motion addressing the merits of the Second Amended Complaint. And, to the extent the Defendants seek to reserve the right to challenge whether he may prosecute an action for wrongful death without counsel, there is nothing to prevent them from doing so.

---

[1] After the issuance of the March 3, 2023 Order (Doc. 37), Sullivan acknowledged in his April 12, 2023 motion (Doc. 91) that he has a brother.

3

Upon an independent review of the record, the Magistrate Judge's Report and Recommendation, and the Objections, it is

ORDERED that the Objections (Docs. 141, 142, 143, 144, 145, 146, 147, 148, 149) are OVERRULED, Magistrate Judge's Recommendation (Doc. 138) is ADOPTED, and that the following motions be DENIED AS MOOT, without prejudice to any party to raise the arguments therein, if appropriate, in addressing the merits of the Second Amended Complaint:

1. the Motion to Dismiss filed by Parkwood Health Care Facility, LLC, and Prattville Health and Rehabilitation, LLC, for failure to state a claim upon which relief can be granted (Doc. 28);

2. the Motion to Dismiss filed by Parkwood Health Care Facility, LLC, and Prattville Health and Rehabilitation, LLC, for lack of jurisdiction (Doc. 28);

3. the Motion to Dismiss for Failure to State a Claim filed by Defendant Amedisys Home Health of Alabama, LLC (Doc. 30);

4. the Motion to Dismiss for Lack of Jurisdiction filed by Defendant Amedisys Home Health of Alabama, LLC (Doc. 30);

5. the Motion to Dismiss for Failure to State a Claim filed by Defendants EAMC-Lanier, East Alabama Health Care Authority d/b/a East Alabama Medical Center, and East Alabama Medical Center (Doc. 31);

6. the Motion to Dismiss for Lack of Jurisdiction filed by Defendants EAMC-Lanier, East Alabama Health Care Authority d/b/a East Alabama Medical Center, and East Alabama Medical Center (Doc. 31);

7. the Motion to Dismiss for Failure to State a Claim filed by Defendant Blue Cross and Blue Shield of Alabama (Doc. 33);

8. the Motion to Dismiss for Failure to State a Claim Upon which Relief can be Granted filed by Defendant Keith Fuller (Doc. 35);

9. the Motion to Dismiss for Lack of Subject Matter Jurisdiction filed by Defendant Keith Fuller (Doc. 35);

10. the Motion to Dismiss for Failure to State a Claim Upon which Relief can be Granted filed by Defendant Mitchell Gavin (Doc. 39);

11. the Motion to Dismiss for Lack of Subject Matter Jurisdiction filed by Defendant Mitchell Gavin (Doc. 39);

12. the Motion to Dismiss for Failure to State a Claim Upon which Relief can be Granted filed by Defendant Charles Hall (Doc. 40);

13. the Motion to Dismiss for Lack of Subject Matter Jurisdiction filed by Defendant Charles Hall (Doc. 40);

14. the Motion to Dismiss for Failure to State a Claim Upon which Relief can be Granted filed by Defendant Maximus (Doc. 53);

15. the Motion to Dismiss for Lack of Subject Matter Jurisdiction filed by Defendant Maximus (Doc. 53);

16. the Motion to Dismiss Plaintiff's First Amended Complaint for Failure to State a Claim Upon Which Relief Can Be Granted filed by Defendant UAB Board (Doc. 57);

17. the Motion to Dismiss for Lack of Subject Matter Jurisdiction filed by Defendant UAB Board (Doc. 57)

18. the Motion to Dismiss for Failure to State a Claim Upon which Relief can be Granted filed by Defendant Gregory Shields, M.D. (Doc. 60);

19. the Motion to Dismiss for Lack of Subject Matter Jurisdiction filed by Defendant Shields (Doc. 60);

20. the Motion to Dismiss for Failure to State a Claim Upon which Relief can be Granted filed by Defendant Probate Judge Talmadge East (Doc. 78);

21. the Motion to Dismiss for Lack of Subject Matter Jurisdiction filed by Defendant Probate Judge Talmadge East (Doc. 78);

22. the Motion to Dismiss for Failure to State a Claim Upon which Relief can be Granted filed the Russell Medical Defendants (Doc. 83);

23. the Motion to Dismiss for Lack of Subject Matter Jurisdiction filed by the Russell Medical Defendants (Doc. 83);

24. the Motion to Dismiss for Failure to State a Claim Upon which Relief can be Granted filed by Defendant HHS (Doc. 97);

25. the Motion to Dismiss for Lack of Subject Matter Jurisdiction filed by Defendant HHS (Doc. 97); and

26. Plaintiff Sullivan's Motion to Deny Motion to Dismiss (Doc. 106).

DONE, on this the 5th day of March 2024.

R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE