IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CHARLES STANTON SULLIVAN, JR., as personal representative for the estate of Ruth S. Sullivan, deceased,<br><br>    Plaintiff,<br><br>v.<br><br>PRATTVILLE HEALTH AND REHABILITATION, LLC, et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) CASE NO. 3:22-cv-702-RAH-JTA<br>) (WO)<br>)<br>)<br>)<br>) |

## **ORDER**

Before the court is *pro se* Plaintiff Charles Stanton Sullivan, Jr.'s June 17, 2024 Motion to Reconsider and Reinstate Cause to Docket. (Doc. No. 165.) The court CONSTRUES the document as containing a motion for reconsideration of the May 29, 2024 Order and Recommendation of the Magistrate Judge, a motion for leave to amend the complaint, a motion for the court to refer the case to the court's Pro Se Assistance Program ("PSAP"), a motion for leave to file an untimely objection to the May 29, 2024 Order and Recommendation and an untimely objection to the May 29, 2024 Order and Recommendation. Upon consideration of the motions, and for the reasons stated below, the motion for leave to file an untimely objection to the May 29, 2024 Order and

Recommendation is GRANTED, and the remaining motions in Plaintiff's Motion to Reconsider and Reinstate Cause to Docket are DENIED.[1]

Also before the court is Plaintiff's June 20, 2024 Motion to Add to Motion to Reinstate Cause to Docket. (Doc. No. 166.) The court CONSTRUES this document as containing a motion for leave to amend Plaintiff's untimely objection to the May 29, 2024 Order and Recommendation of the Magistrate Judge, a motion for leave to amend Plaintiff's motion to reconsider, and a motion for leave to amend the complaint. Upon consideration of those motions, and for the reasons stated below, the motion for leave to amend Plaintiff's objection to the May 29, 2024 Order and Recommendation of the Magistrate Judge is GRANTED, the motion for leave to amend Plaintiff's motion to reconsider is GRANTED, and the motion for leave to amend the complaint is DENIED.

In the May 29, 2024 Order and Recommendation,[2] the undersigned recommended dismissal of this action with prejudice on grounds that Plaintiff's amended pleading was a shotgun pleading in violation of the Rules of Civil Procedure and the court's prior orders, despite numerous opportunities and extensions of time to allow Plaintiff to properly amend his pleadings. (Doc. No. 164.) The undersigned also denied Plaintiff's additional motions to amend and motions for further extensions of time to amend on grounds that "there is no

---

[1] The United States District Judge who is assigned to this case, not the undersigned, will rule on Plaintiff's objections to the May 29, 2024 Order and Recommendation.

[2] The May 29, 2024 Order and Recommendation sets out the procedural history of this case, including the numerous extensions of time, warnings to Plaintiff, instructions on how to comply with the rules for drafting a complaint, and other fruitless efforts by the court to allow Plaintiff a full and fair opportunity to amend his complaint so that the case could proceed on the merits. (Doc. No. 164 at 4-9.)

indication that Plaintiff can complete a compliant pleading by any particular date certain, or that merely affording Plaintiff more time would yield a sufficiently useful amended pleading." (Doc. No. 164 at 10.) The court found that a "further extension will [not] enable Plaintiff to file a short, plain statement of his claims by a reasonable deadline, but it will cause delay on the court's docket and prejudice the numerous Defendants in their ability to move forward with their defense of the case." (*Id*. at 13.)

In Plaintiff's June 17, 2024 motion, he admits that he "does not ... disagree with" the undersigned's "evaluation of his last, long Amended Complaint," except to the extent that the undersigned cajoled him for making inappropriately impertinent remarks about certain Defendants and attempting a joke about the skin color of someone who has no apparent relationship to this lawsuit. (Doc. No. 164 at 19 n.10; Doc. No. 165 at 2 ¶ 2.) The court will not retract its instructions to Plaintiff that, "[t]hough Plaintiff is understandably upset about the alleged misconduct of Defendants," "[c]asting aspersions with such language is inappropriate in pleadings in federal court." (Doc. No. 164 at 19 n.10.) These instructions were not determinative with respect to the ultimate conclusions reached in the May 29, 2024 Order and Recommendation. Further, although the court will not grant Plaintiff's motions to attempt further amendments to his complaint in this action, he has other litigation pending in this court, and so long as he does, he should be mindful that, in any case in this court, rather than using "unnecessarily irreverent or impertinent language," he should "focus his arguments instead on the merits of the claims and defenses in [each] case." *Sullivan v. City of Dadeville*, No. 3:22-CV-653-ECM-JTA, 2024 WL 2965586, at *2 (M.D. Ala. June 12, 2024). In addition, some of Plaintiff's defenses of the language

3

used in his amended complaint are non sequiturs.³ Accordingly, to the extent Plaintiff's June 17, 2024 motion (Doc. No. 165) seeks reconsideration of the undersigned's instructions to Plaintiff that such language is not appropriate in pleadings in federal court, the motion will be denied. *See Holmes v. Fresenius Kidney Care of Tuskegee*, No. 3:21-CV-578-ECM, 2023 WL 2413993, at *1 (M.D. Ala. Mar. 8, 2023) (discussing the applicable standard of review for motions to reconsider nonfinal orders).

In addition, the court has considered Plaintiff's June 17 and June 24, 2024 motions to the extent that they may function as standalone motions to amend, and also to the extent that they seek reconsideration of the May 29, 2024 Order denying Plaintiff's earlier Rule 6(b)(1)(B) motions for extension of time and motions for leave to amend the complaint. Plaintiff contends that he simply did not previously understand how to amend his complaint properly, and now he does. (Doc. No. 165 at 19 ¶ 23 ("Plaintiff admits he did not satisfy Rule 8(a) not from intent but from ignorance and an attempt to address all issues."); Doc. No. 166 at 3 ¶ 9 (explaining that he now realizes the court "wants law, statutes and perhaps regulations violated by specific acts")). For three reasons, the court is unpersuaded by Plaintiff's contention.

---

³ Plaintiff argues, for example, that he "disagrees with" the undersigned's statement that a comment he made about a nurse was derogatory. (Doc. No. 165 at 6.) He then goes on to remark on the nurse's attractiveness and compares her to "another nurse at Arbor Springs who is at [the] same or similar level of knowledge, is just as attractive, and has no southern accent." (*Id*.) The court did not make any comments regarding his characterization of any nurse and is unable to discern as to what Plaintiff is referring. Plaintiff's discussion of the level of attractiveness of another person is irrelevant to his claims and to the outcome of the May 29, 2024 Order and Recommendation.

First, prior to the extended deadline to file an amended pleading that was not a shotgun complaint, Plaintiff was not ignorant of how to amend his complaint. As noted in the Recommendation, in the February 16, 2024 order[4] requiring Plaintiff to file a second amended complaint, "[t]he court explained that Plaintiff's complaint was a shotgun complaint and provided appropriately detailed instructions for filing a proper complaint." (Doc. No. 164 at 5-6 (citing Doc. No. 137 at 19-23).) The court also warned Plaintiff of the consequences of failing to comply with those instructions. (*Id.* (citing Doc. No. 137 at 23).) As also noted in the Recommendation, in April 2024, the court extended the deadline for the amended pleading, referred Plaintiff back to its instructions on meeting the pleading requirements, and again warned him of the consequences of failing to comply. (Doc. No. 164 at 7-8 (citing Doc. No. 155 at 2-3).) Thus, Plaintiff was not left solely to his own devices or to his fading memory of his late mother's complaint-drafting techniques; he had only to follow the instructions provided by the court. He did not.

Second, attached to his June 17, 2024 motion, Plaintiff provided "a copy of [the] present state of Prattville, Parkwood, and Amedisys portions of" his amended pleading, which is one hundred seventeen pages long. (Doc. No. 165 at 7 ¶ 19; Doc. No. 165-1.) The court has examined the draft, incomplete amendment and concludes that it is a shotgun pleading in progress. In other words, Plaintiff's draft pleading, which is still incomplete,

---

[4] The February 16, 2024 Order requiring Plaintiff to amend can be found at *Sullivan v. Prattville Health & Rehab.*, No. 3:22-CV-702-RAH-JTA, 2024 WL 2980388 (M.D. Ala. Feb. 16, 2024). The reasonably detailed instructions setting out the requirements for the amendment are located at 2024 WL 2980388, at *8.

5

continues to demonstrate that Plaintiff is not capable of submitting a viable complaint within a reasonable time.

Third, the court has an obligation to achieve the orderly and efficient disposition of its cases. Plaintiff's filings contain nothing to assure the undersigned that he would be able to comply with any reasonable deadline to file an amended pleading, or that he will be able to prosecute this case on a reasonable timeline. (*See* Doc. No. 164 at 13 (finding no indication that Plaintiff could "file a short, plain statement of his claims by a reasonable deadline".)

For these reasons, the undersigned concludes that Plaintiff has failed to show that amendment would be anything less than futile. *Garcia v. Chiquita Brands Int'l, Inc.*, 48 F.4th 1202, 1220 (11th Cir. 2022) (holding that, under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend should be freely given and should be given "at least once" except in certain circumstances, including "where there has been undue delay ... or repeated failures to cure deficiencies by amendments," "where allowing amendment would cause undue prejudice to the opposing party," and "where amendment would be futile"). Neither has Plaintiff shown any manifest error of law or fact or any newly discovered evidence that would warrant reconsideration of the prior order denying his previous motions for leave to amend and for extensions of time to amend. *See Holmes*, 2023 WL 2413993, at *1 (M.D. Ala. Mar. 8, 2023) (explaining that motions to reconsider nonfinal orders are rarely granted unless in exceptional circumstances where the movant demonstrates "(1) a manifest error of law, (2) manifest error of fact, or (3) newly-discovered evidence").

Finally, Plaintiff requests referral to PSAP, which is designed to provide *pro se* litigants with lawyers to assist with the drafting of amended complaints. At this time, however, there are too few volunteers to provide a PSAP attorney to the litigants who request them. Plaintiff's consistent failure to comply with court deadlines, as well as the admitted[5] complexity of his case, does not support the conclusion that a volunteer attorney could be found who could dedicate the time required to work with Plaintiff to draft a proper amended complaint free of charge. In addition, the court has considered the equities of further delaying the case to find such a volunteer at this stage of the litigation. Even if a PSAP attorney could be found to put Plaintiff's complaint into proper shape, Plaintiff has demonstrated time and again that he cannot comply with the court's deadlines. As stated in the May 29, 2024 Order and Recommendation:

> Even if Plaintiff could somehow meet a deadline to file a Third Amended Complaint (and he has not shown that he can), the history of this case has shown that the case cannot move forward with reasonable efficiency, as "Plaintiff's ongoing trials and tribulations cause months of delay at every turn because Plaintiff does not have time to work on his briefs and participate in the litigation amid the many vicissitudes of life." (Doc. No. 108 at 3-4.) Defendants are not expected to wait indefinitely at every juncture in this lawsuit for Plaintiff to first wrangle his cattle, finances, other litigation, health, and other matters.

(Doc. No. 164 at 13.)

In sum, the court concludes that any remotely potential benefit in extending the (already expired) amendment deadline to facilitate a search for a PSAP attorney is

---

[5] As he stated in his own words, "Plaintiff would like the court to consider that this cause if presented to a law firm would most likely be divided among several Attorneys with a lead Attorney coordinating the effort." (Doc. No. 165 at 4-5, 10.)

7

significantly outweighed by the court's obligation to manage its own affairs to achieve the orderly disposition of this action, the likelihood of prejudice and burden of delay to the multiple defendants and their counsel, and the effect that further continuances will have on the needs of the public and the other litigants in this court.

Accordingly, it is ORDERED as follows:

1. Plaintiff's June 17, 2024 Motion to Reconsider and Reinstate Cause to Docket (Doc. No. 165) is CONSTRUED as containing a motion for reconsideration of the May 29, 2024 Order and Recommendation of the Magistrate Judge, a motion for leave to amend the complaint, a motion for the court to refer the case to PSAP, an untimely objection to the May 29, 2024 Order and Recommendation, and a motion for leave to file an untimely objection to the May 29, 2024 Order and Recommendation.

2. The motion for reconsideration of the May 29, 2024 Order and Recommendation of the Magistrate Judge (Doc. No. 165) is DENIED.

3. The motion for leave to amend the complaint (Doc. No. 165) is DENIED.

4. The motion for the court to refer the case to PSAP (Doc. No. 165) is DENIED.

5. The motion for leave to file an untimely objection to the May 29, 2024 Order and Recommendation (Doc. No. 165) is GRANTED.

6. Plaintiff's June 20, 2024 Motion to Add to Motion to Reinstate Cause to Docket. (Doc. No. 166) is CONSTRUED as a motion for leave to amend Plaintiff's untimely objection to the May 29, 2024 Order and

8

Recommendation of the Magistrate Judge, as a motion for leave to amend Plaintiff's motion to reconsider, and as a motion for leave to amend the complaint.

7. The motion for leave to amend Plaintiff's untimely objection to the May 29, 2024 Order and Recommendation of the Magistrate Judge (Doc. No. 166) is GRANTED.

8. The motion for leave to amend Plaintiff's motion to reconsider (Doc. No. 166) is GRANTED to the extent that the undersigned has considered the contents of the June 20, 2024 Motion before ruling on the motion to reconsider.

9. The motion for leave to amend the complaint (Doc. No. 166) is DENIED.

The Clerk of the Court is DIRECTED to amend the docket sheet to reflect that Plaintiff's June 17, 2024 Motion to Reconsider and Reinstate Cause to Docket (Doc. No. 165) contains Plaintiff's objection to the May 29, 2024 Order and Recommendation of the Magistrate Judge (Doc. No. 164).

The Clerk of the Court is DIRECTED to amend the docket sheet to reflect that Plaintiff's June 20, 2024 Motion to Add to Motion to Reinstate Cause to Docket (Doc. No. 166) contains Plaintiff's amended objection to the May 29, 2024 Order and Recommendation of the Magistrate Judge (Doc. No. 164).

**Plaintiff is ADVISED that the undersigned will summarily deny any further motions for relief from the May 29, 2024 Order and Recommendation of the Magistrate Judge**. This applies regardless of how Plaintiff titles the motion for relief.

**Plaintiff is further ADVISED that no more extensions of time will be granted for objections to the May 29, 2024 Order and Recommendation of the Magistrate Judge (Doc. No. 164), and no further objections may be filed**. This applies regardless of how Plaintiff titles any filing seeking to oppose the May 29, 2024 Order and Recommendation of the Magistrate Judge.

DONE this 24th day of June, 2024.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE